RECEIVED

MAR 0 7 2002

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAR 0 7 2002

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.

O.S. JOHNSON, INC.,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

**CV02-0464-S**

CIVIL ACTION NO.

COMPLAINT    JUDGE WALTER

JURY TRIAL DEMAND MAGISTRATE JUDGE PA

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Shandra R. Davis ("Davis"), who was adversely affected by such practices. Davis was subjected to sexual harassment by a male supervisor of O.S. Johnson, Inc.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were at all material times committed within the jurisdiction of the United States District Court for the Western District of Louisiana.



## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times and continuously to this date, Defendant, O.S. Johnson, Inc. (the "Employer"), has been a Louisiana Corporation doing business in the State of Louisiana, and the city of Natchitoches and has had at least 15 employees.

5.      At all relevant times and continuously to this date, Defendant has been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.      At all relevant times, all material facts occurred within the jurisdiction of this Court.

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Shandra R. Davis filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      From June 1998 through August 1998, Defendant Employer engaged in unlawful employment practices at a Ferriday, Louisiana highway resurfacing site. Specifically, Superintendent Sherrell Sullivan hit Davis on her buttocks during her first day on the job as a flagperson.  Despite Davis' objections, Sullivan hit her on the buttocks at least 3 additional times.  In addition, Sullivan touched Davis on her breast multiple times and called

2

her a "bitch" and a "whore" repeatedly.  On one occasion, Sullivan introduced Davis to a new employee by referring to her as his "bitch."  When Davis objected, Sullivan then called Davis a "whore."  At the job site, Sullivan regularly discussed his sex life and graphically described oral sex.  As a result of these events, Davis tried to remain alert and aware of Sullivan's whereabouts at all times.  Sullivan's unwanted physical contact and comments caused Davis severe emotional trauma.  Davis felt threatened and scared at the job site and even asked a co-worker to "warn" her if Sullivan approached her from behind.  Sullivan was the only company official at the job site and O.S. Johnson did not have a sexual harassment policy while Davis was employed with the company.

9.     The practices complained of in paragraph 8 above constitute sexual harassment and an unwelcome, sexually hostile work environment in violation of Title VII.  Defendant is liable under Title VII for the above-described practices of its Superintendent Sullivan.

10.     The effect of the practices complained of in paragraph 8 above has been to deprive Davis of equal employment opportunities, alter her conditions of employment, and to adversely affect her status as an employee because of sexual harassment and a sexually hostile work environment, in violation of Title VII.

11.     The unlawful employment practices complained of in paragraph 8 above were intentional.

12.     The unlawful employment practices complained of in paragraph 8 above were done and/or allowed to be done with malice or with reckless indifference to the federally protected rights of Davis by Defendant's Superintendent, who knew or should have known that his actions violated federal anti-discrimination law.

13.     The unlawful employment practices complained of in paragraph 8 above caused Davis to suffer emotional distress and caused her to incur pecuniary and non-pecuniary losses to be proved at trial.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practices which discriminates on the basis of sex.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Shandra R. Davis, by providing appropriate affirmative relief necessary to eradicate the effects of its unlawful employment practices, in amounts to be determined at trial.

D.     Order Defendant Employer to make whole Shandra R. Davis by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Shandra R. Davis by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, reduction in her standard of living, lowered self-esteem and humiliation, in amounts to be determined at trial.

4

F.   Order Defendant Employer to pay Shandra R. Davis punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this *1st* day of March, 2002.

NICHOLAS M. INZEO
Acting Deputy General Counsel
No Bar Roll Number Assigned

EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507

KEITH T. HILL
Regional Attorney
Bar Roll No. 15200000

JEFFREY AGULAR
Supervisory Trial Attorney
Bar Roll No.

ERANIA EBRON
Senior Trial Attorney
No Bar Roll Number Assigned

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New Orleans District Office
701 Loyola Avenue, Suite 600
New Orleans, Louisiana 70113-9936
Telephone:     (504) 589-6817
               (504) 589-3539
Facsimile:     (504) 589-2805

PLEASE SERVE:

Kelly, Townsend and Thomas
Attorneys at Law
137 St. Denis Street
Natchitoches, LA 71457

Agent for service of process